# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. ROBERT JELLINEK,<br><br>    Plaintiff,<br><br>vs.<br><br>ADVANCE PRODUCTS & SYSTEMS, INC., WILLIAM "TOM" FORLANDER, and DOES 1-75 Inclusive,<br><br>    Defendants. | CASE NO. 3:11-CV-02954-H (DHB)<br><br>**ORDER DENYING MOTION TO STAY** |

On February 25, 2013, the parties filed a joint motion to stay this matter pending resolution of a related state action. (Doc. No. 21.) For the following reasons, the Court denies the motion to impose a stay on the matter.[1]

**Background**

On July 20, 2009, Plaintiff L. Robert Jellinek ("Plaintiff") filed an action in California Superior Court, <u>Jellinek v. Advance Products & Systems, Inc., et al</u>, No. 37-2009-00057431-CU-OE-NC (San Diego Super. Ct. filed July 20, 2009) ("<u>Jellinek I</u>") against the same defendants as in this action. (Doc. No. 21 ("Mot. for Stay") at 2.)

---

[1] The parties' motion alternatively asks the Court to reschedule the early neutral evaluation conference set before the magistrate judge. (Doc. No. 21.) The Court refers that portion of the parties' motion to the magistrate judge for appropriate resolution.

Jellinek I asserts various causes of action relating to Plaintiff's alleged termination of employment. (Id.) Plaintiff sought and the court in Jellinek I denied Plaintiff leave to amend his complaint to add two additional causes of action. (Id.) Plaintiff then filed this action on October 13, 2011 in state court (Jellinek II), bringing the same factual allegations and causes of action he sought to add to his complaint in Jellinek I. (Doc. No. 1-1; Mot. for Stay at 2.) On December 19, 2011, Defendants removed the case to this Court. (Doc. No. 1.)

## Discussion

### I.    Legal Standard

For reasons of "wise judicial administration," federal courts may stay a federal action based on "the presence of a concurrent state proceeding." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976)). Exact parallelism between the claims is not required-for application of the Colorado River doctrine, it is enough if the two proceedings are "substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1416-17 (9th Cir. 1989).

A stay in favor of state proceedings is appropriate only under "extraordinary circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). A court must consider and weigh several factors when determining the propriety of such a stay. These include (1) whether either court has asserted jurisdiction over a res or property; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction and the progress of such proceedings; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the rights of the parties. See Moses H. Cone, 460 U.S. at 21-22; Colorado River, 424 U.S. at 817-19; Nakash, 882 F.2d at 1415. "The factors relevant to a given case are subjected to a flexible balancing test, in which one factor may be accorded substantially more weight than another depending on the circumstances of the case, and 'with the balance heavily weighted in favor of

exercising jurisdiction.'" Holder v. Holder, 305 F.3d 854, 870-71 (9th Cir. 2002) (quoting Moses H. Cone, 460 U.S. at 16). Because federal courts have a "virtually unflagging obligation" to exercise jurisdiction, Colorado River, 424 U.S. at 817, "exceptional circumstances" must exist for a federal court to surrender jurisdiction under Colorado River. Moses H. Cone, 460 U.S. at 15-16.

**II.     Analysis**

The parties seek an indefinite stay pending resolution of the related state action, Jellinek I. An indefinite stay should not be granted under normal circumstances. See Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). The parties are required to make a strong showing justifying its need for an indefinite stay. See Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it."). The parties argue that judicial economy and efficiency would be promoted by entering a stay in this action as the underlying facts and allegations in the two actions are related, and the resolution of Jellinek I may dictate the outcome of the case before this Court. (Mot. for Stay at 3-4, 6.)

While the parties agree that the resolution of Jellinek I may affect this case, the parties dispute whether that is necessarily so. (Mot. for Stay at 3.) The parties also dispute whether the two cases involve distinct theories of liability. (Id. at 2.) It is therefore unclear whether the outcome of Jellinek I will have a dispositive effect on the resolution of the action before this Court. See Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908 913 (9th Cir. 1993) ("[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay.") Additionally, although the parties estimate that Jellinek I will be resolved in early Fall of this year, they do not indicate their foundation for that estimate. This case was filed in 2011 and has proceeded slowly. Given that Jellinek I has been pending since 2009, the Court is not convinced that the matter is likely to be resolved swiftly,

1 or that six months is a reasonable time to further delay proceeding with the matter
2 before this Court.  See Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857,
3 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other
4 proceedings will be concluded within a reasonable time.").  Moreover, there is no
5 guarantee that whichever party does not prevail in Jellinek I would not appeal any final
6 judgment in state court, creating additional delays.

7      The Court concludes that exceptional circumstances do not exist for a stay.  See
8 Moses H. Cone, 460 U.S. at 15-16.  Accordingly, the Court denies the parties' motion
9 for a stay.  The Court notes that the parties could file a joint motion to dismiss the case
10 without prejudice, with a tolling agreement, or remand, if appropriate, in lieu of a stay.

**Conclusion**

12      Exercising its discretion and considering the competing interests, the Court
13 denies the parties' motion to stay.

14      **IT IS SO ORDERED.**

15 DATED: February 26, 2013

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT